UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED

SEP 29 2009

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

HAYWOOD POINDEXTER, #377906,

Petitioner,

v.                                    CIVIL ACTION NO. 2:09cv107

GENE M. JOHNSON, Director of the
Virginia Department of Corrections,

Respondent.

## UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for a writ of habeas
corpus under 28 U.S.C. § 2254.  The matter was referred to the
undersigned United States Magistrate Judge, pursuant to the
provisions of 28 U.S.C. § 636(b)(1)(B) and (C), Rule 72(b) of the
Federal Rules of Civil Procedure, and Rule 72 of the Local Civil
Rules of the United States District Court for the Eastern District
of Virginia.  For the reasons stated herein, the Court recommends
that the instant petition for a writ of habeas corpus be DENIED.

## I. STATEMENT OF THE CASE

### A. Background

On March 22, 2007, Petitioner, Haywood T. Poindexter
("Poindexter"), was convicted in the Circuit Court of the City of
Richmond, Virginia ("Circuit Court"),[1] of possession of a firearm

---

[1] Poindexter was represented at trial by Po M. Chau, Esq.  The
allegations were, that on November 30, 2006, Officer Mark Sims

by a convicted felon.   Poindexter was sentenced to a term of imprisonment of five (5) years, as reflected in the Court's Sentencing Order entered on March 22, 2007.   Circuit Case No. 07F-704.

Poindexter filed his appeal with the Court of Appeals of Virginia ("Court of Appeals").[2]  On October 25th, 2007, the Court of Appeals denied Poindexter's appeal.[3]    Record No. 0729-07-2 ("Poindexter I").   Poindexter did not file a request for review by a three-judge panel; instead, Poindexter filed his petition for appeal with the Supreme Court of Virginia.   The Supreme Court of

---

("Sims") of the Richmond Police Department observed Poindexter acting suspiciously at a public housing area.   Sims approached the vehicle in which Poindexter was sitting and noticed that Poindexter became visibly nervous.   As Poindexter was exiting the vehicle per Sims' request, Sims heard a thud.   Poindexter attempted to reenter the vehicle and a struggle ensued.   After Sims subdued Poindexter, he discovered a loaded firearm on the passenger side of the front floorboard where Poindexter had been sitting.   After Sims advised Poindexter of his Miranda rights, Poindexter first told Sims that someone else had put the gun in the car without his knowledge. Poindexter then admitted someone had given him the gun, he concealed it in his coat sleeve, and he had removed it from his coat when he entered the car.   Sims did not reduce Poindexter's confession to writing, and at trial, Poindexter denied telling Sims that the gun was his.

[2] Poindexter was represented on appeal by Jessica M. Bulos, Esq.   This appeal alleged that the evidence was insufficient to support the conviction for possession of a firearm by a convicted felon.

[3] In a one-judge decision, the court held that "the Commonwealth's evidence that the appellant actually possessed the firearm was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant committed the charged offense."   Poindexter I, at 3.

1

Virginia refused the petition for appeal on March, 25, 2008. Record No. 072285 ("Poindexter II"). This decision concluded Poindexter's direct appeal, as he did not file a request for review by a three-judge panel, and he did not file a petition for writ of certiorari with the United States Supreme Court.

On May 27, 2008, Poindexter executed a _pro se_ petition for a writ of habeas corpus in the Circuit Court ("State Habeas Petition"), which was filed by the Circuit Court on May 27, 2008.[4]

_____

[4] The State Habeas Petition presented the following claims:

1.   The Supreme Court of Virginia failed to provide any "legal principle or any rationale for dismissal" of Petitioner's direct appeal.
2.   The trial court abused its discretion when it did not require the Commonwealth to prove actual possession of the handgun.
3.   Petitioner was denied effective assistance of counsel when his counsel failed to request the discovery of the actual owner of the handgun, which evidence showed was stolen.
4.   Petitioner was denied effective assistance of counsel when his counsel failed to cross-examine the witness for the Commonwealth as to why fingerprint or DNA testing was not performed on the handgun.
5.   Petitioner claims that Officer Sims of the Richmond City Police Department completely fabricated his testimony and that his testimony was impeached because it was contrary to appellant's testimony.
6.   Petitioner was denied effective assistance of counsel when his counsel failed to properly draft a motion for discovery to identify Richmond City Police Department Standard procedure for interrogations and, specifically, for signed confessions.
7.   Petitioner was denied effective assistance of counsel when his counsel failed to "extract any motive for petitioner to in [sic] possession of this alleged handgun."
8.   The trial court abused its discretion by sentencing

2

Poindexter's petition for a writ of habeas corpus was denied on June 30, 2008.[5] Case No. CL08-2476 ("Poindexter III"). Poindexter

_____

> petitioner to the mandatory minimum five (5) years
> in a state correctional facility for this offense.

Poindexter III, at 1-2.

_____

[5] The Court essentially held:

1) As to Claim 1, Poindexter has no right to have his appeal heard by the Supreme Court of Virginia. Petitioner alleged no violation of his Constitutional rights that resulted in his continued detention.

2) As to Claim 2, Poindexter's claim that evidence was insufficient to sustain his conviction is barred from consideration in habeas corpus proceedings by Slayton v. Parrigan, 215 Va. 27, 29-30, 205 S.E.2d 680, 682 (1974).

3) As to Claim 3, Poindexter's claim that he was denied effective assistance of counsel when his counsel failed to request the discovery of the actual owner of the handgun is ineffectual because he failed to show actual prejudice.

4) As to Claim 4, Poindexter's claim that he was denied effective assistance of counsel when his counsel failed to cross-examine the witnesses for the Commonwealth as to why fingerprint or DNA testing was not performed on the handgun is ineffectual because he failed to show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

5) As to Claim 5, Poindexter's claim that Sims completely fabricated his testimony and was impeached because his testimony was contrary to appellant's testimony is barred from consideration in a habeas corpus proceeding by the rule of Slayton, 215 Va. at 29-30, 205 S.E.2d at 682.

6) As to Claim 6, Poindexter's claim that he was denied effective assistance of counsel when his counsel failed to draft a motion for discovery to identify standard procedure for interrogation at the Richmond City Police Department is ineffectual because he failed to show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

7) As to Claim 7, Poindexter's claim that he was denied effective assistance of counsel because his counsel

3

appealed to the Supreme Court of Virginia, which denied his appeal on December 17, 2008. Record No. 081669 ("Poindexter IV").

On March 9, 2009, while in the custody of the Virginia Department of Corrections at the James River Work Center, Poindexter executed the instant federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Federal Habeas Petition"), which was accompanied by a Brief in Support of Petition for Writ of Habeas Corpus ("Poindexter's Brief"). The petition was filed by this Court on March 9, 2009. On May 11, 2009, Respondent filed his Rule 5 Answer and Motion to Dismiss, accompanied by a supporting memorandum ("Respondent's Memorandum"). Poindexter filed a response to Respondent's motion on May 22, 2009.

## B. Grounds Alleged

Poindexter now asserts in this Court that he is entitled to relief under 28 U.S.C. § 2254 for the following reasons:

> 1.    He was denied his Due Process rights because the evidence did not prove he possessed the firearm beyond a reasonable doubt.
>
> 2.    He was denied his Due Process rights because he did

---

failed to question witnesses on Poindexter's motive to possess a gun is ineffectual because the Commonwealth did not have to prove any motive.

8)   As to Claim 8, Poindexter's claim that the trial court abused its discretion is barred from consideration in a habeas corpus proceeding by the rule of Slayton, 215 Va. at 29-30, 205 S.E.2d at 682.

Poindexter III, at 4-7.

4

not sign the written statement obtained by the
police officer in which Poindexter admitted the gun
was his; the written statement was not introduced
as evidence at trial; the interview was not
recorded by audio or video tape, or done by
standard police practice.

3.   He was denied his Due Process rights because there
was a lack of evidence to convict him.

4.   Trial counsel was ineffective because she failed to
prepare a proper trial strategy and did not file
appropriate motions.

## II. PRELIMINARY MATTERS

### A. No Need for an Evidentiary Hearing

As a preliminary matter, to the extent Poindexter has
requested an evidentiary hearing, the Court has determined that an
evidentiary hearing is not required, as purely legal issues are
presented and the record before the Court adequately resolves the
legal issues raised.  See Rule 8 of the Rules Governing Section
2254 Cases.  Accordingly, Poindexter's request for an evidentiary
hearing has been DENIED.

### B. Petitioner's Motion for Appointment of Counsel

Petitioner filed a request to appoint counsel to assist with
his habeas corpus proceeding.  There is no right to counsel for
state prisoners seeking habeas corpus relief in the federal courts
in non-death penalty cases.  See McCleskey v. Zant, 499 U.S. 467,
495 (1991) ("Nor does it imply that there is a constitutional right
to counsel in federal habeas corpus."); Penn. v. Finley, 481 U.S.

5

551, 555 (1987) ("[T]he right to appointed counsel extends to the first appeal of right, and no further."). Therefore, it is ORDERED that Petitioner's request for appointed counsel is DENIED.

### C. Petitioner's Motion to Proceed Without Further Confinement

Petitioner filed a motion with the Court to proceed without further confinement on March 9, 2009. The question of whether a federal court has the inherent authority to release a state prisoner on bond during the pendency of a federal habeas petition is unsettled. See In re Roe, 257 F.3d 1077, 1079-80 (9th Cir. 2001) (assuming, without deciding, "that a district court has the authority to release a state prisoner on bail pending resolution of habeas proceedings [only] in extraordinary cases," but finding the district court erred in releasing the petitioner on bail for failure "to make the requisite demonstration [of] an 'extraordinary case[] involving special circumstances or a high probability of success.'") (emphasis added) (citing Land v. Deeds, 878 F.2d 318 (9th Cir. 1989)). This Court need not settle that issue, however, because, to the extent such authority exists, it is clear that a habeas petitioner seeking release on bond must make a showing that the circumstances of the case are "extraordinary" and that he has a "high probability of success" on the merits. In re Roe, 257 F.3d at 1080.[6]

_____

[6]The Court was unable to locate any published opinion by the Court of Appeals for the Fourth Circuit standing for this proposition. See 4th Cir. R. 36(c) ("In the absence of unusual

6

In the instant case, Poindexter has failed to meet this exacting standard.  In his motion, Poindexter simply requests to proceed without further confinement.  No support is provided for his request, and the Court is aware of no circumstances, extraordinary or otherwise, to justify the Court's granting of the instant motion.  Accordingly, the Court DENIES Poindexter's motion to proceed without further confinement.

### III. FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Court FINDS that Poindexter's claims are properly exhausted, warranting review on the merits, but that claim (2) is procedurally defaulted and is therefore barred from review, and the Court further FINDS that Poindexter's remaining claims should be DENIED.

### A. Exhaustion and Procedural Default

In order for this Court to address the merits of this habeas petition, all of Poindexter's claims must be exhausted. See 28 U.S.C. § 2254(b).  The exhaustion requirement is satisfied when "allegations advanced in federal court . . . [are] the same as

---

circumstances, this Court will not cite an unpublished disposition in any of its published opinions or unpublished dispositions.").  The Court notes the existence, however, of <u>United States v. Perkins</u>, 53 Fed. Appx. 667, 669, 2002 WL 31812882 (4th Cir. 2002) (per curiam) (stating that, "[t]o prevail on a motion for release on bail in a habeas case, the appellant must show that his petition presents a substantial constitutional claim upon which he has a high probability of success, and that extraordinary circumstances warrant his release.") (citing <u>Aronson v. May</u>, 85 S. Ct. 3, 5 (1964)).

those advanced at least once to the highest state court." <u>Pruett v. Thompson</u>, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), <u>aff'd</u> 996 F.2d 1560 (4th Cir. 1993). Exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. <u>See O'Sullivan v. Boerckel</u>, 526 U.S. 838, 844 (1999) (citing <u>Brown v. Allen</u>, 344 U.S. 443, 447 (1953)); <u>see also</u> <u>Skipper v. French</u>, 130 F.3d 603, 610 n.4 (4th Cir. 1997). In order for a claim to be considered exhausted, it must be "fairly presented to the state courts," which means "that both the operative facts and the controlling legal principles must be presented to the state court." <u>Matthews v. Evatt</u>, 105 F.3d 907, 910-11 (4th Cir. 1997) (internal quotations omitted).

"[T]he exhaustion requirement for claims not fairly presented to the state's highest court is technically met when . . . a state procedural rule would bar consideration if the claim was later presented to the state court," <u>Matthews</u>, 105 F.3d at 911 (citations omitted); such claims are treated as procedurally defaulted and barred from this Court's review. <u>Clagett v. Angelone</u>, 209 F.3d 370, 378-79 (4th Cir. 2000). Further, if any of a petitioner's claims were presented to the highest state court, but were not addressed on the merits because they were procedurally barred in state court pursuant to an adequate and independent state procedural rule, the claims are exhausted, but the procedural default prevents federal habeas review of the merits. <u>Coleman v.</u>

Thompson, 501 U.S. 722, 750 (1991).

Respondent has asserted that all of Poindexter's claims are exhausted because they were presented to the Supreme Court of Virginia in Poindexter's state habeas petition or because Poindexter would be precluded from raising them upon a return to the state court. Respondent's Brief, at 4-5. However, Respondent asserts that claim (2) was barred from state court review. Id. at 5. This Court concurs.

This Court relies on Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), for guidance. In Slayton, the Supreme Court of Virginia held that claims that could have been raised at trial or on direct appeal, but were not, and do not concern jurisdictional issues or ineffective assistance of counsel, cannot be addressed in a habeas corpus proceeding. Id. at 29, 205 S.E.2d 680, 682. Poindexter did not address claim (2) in his state habeas corpus petition[7] or in his appeal to the Supreme Court of Virginia.[8]

Poindexter is now barred from asserting such claim. Id. ("A petition for a writ of habeas corpus may not be employed as a

---

[7] Poindexter claimed that he was denied effective assistance of counsel when his counsel "failed to properly draft a motion for discovery to identify Richmond City Police Department Standard procedure for interrogations and, specifically, for signed confessions. Poindexter III, at 2.

[8] Poindexter's sole question on appeal to the Supreme Court of Virginia was: "Should the Circuit Court be allowed to dismiss this said habeas corpus by assuming without deciding." Poindexter's Habeas Appeal, at 3.

substitute for an appeal or a writ of error.) (citing Brooks v. Peyton, 210 Va. 318, 321-22, 171 S.E.2d 243, 246 (1969)). Slayton has consistently been held to constitute an independent and adequate state law ground, which supports procedural default in federal court. Smith v. Murray, 477 U.S. 527, 533 (1986); Wright v. Angelone, 151 F.3d 151, 159-60 (4th Cir. 1998). Thus, claim (2) is simultaneously exhausted and procedurally defaulted for purposes of federal habeas review.

Based on the foregoing, the Court FINDS that all of Poindexter's claims are exhausted, but the Court further FINDS that claim (2) is procedurally defaulted under Virginia law and is therefore barred from this Court's review. Therefore, the Court recommends that claim (2) be DENIED and DISMISSED.

## 1. Limited Exceptions to Procedural Default

Although claim (2) is procedurally defaulted, Poindexter may still obtain review of his claim if he can establish either: (1) cause for the default and actual prejudice as a result of the alleged violation of federal law, or (2) that failure to consider his claims will result in a fundamental miscarriage of justice because he is actually innocent of the crimes for which he was convicted. Clagett v. Angelone, 209 F.3d 370, 379 (4th Cir. 2000)(citing Coleman v. Thompson, 501 U.S. 722, 750 (1991)); Weeks v. Angelone, 176 F.3d 249, 269 (4th Cir. 1999).

Cause refers to "some objective factor external to the

10

defense" that impeded compliance with the state's procedural rule. Strickler v. Greene, 527 U.S. 263, 283 n.24 (1999) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).

> Objective factors that may constitute "cause" include: (1) "interference by officials that makes compliance with the State's procedural rule impracticable"; (2) "a showing that the factual or legal basis for a claim was not reasonably available to counsel"; (3) the novelty of the claim; and (4) constitutionally ineffective assistance of counsel.

Wright v. Angelone, 151 F.3d 151, 160 n.5 (4th Cir. 1998) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94 (1991)). An absence of due diligence by the petitioner will defeat an assertion of cause. See Hoke v. Netherland, 92 F.3d 1350, 1354 n.1 (4th Cir. 1996).

The Court first notes that Poindexter has made no argument that he should be excused from his failure to comply with state procedural rules. If the Court assumes, however, that Poindexter failed to comply with state procedural rules because of his unfamiliarity with the legal system and his pro se status, he would still not be excused from his procedural default. Such factors do not constitute cause because they are not "objective factor[s] external to the defense" under Murray v. Carrier, 477 U.S. 478, 488 (1986). See, e.g., Dellinger v. Bowen, 301 F.3d 758, 766 (7th Cir. 2002) ("[Y]outh and lack of education do not constitute the type of external impediment sufficient to excuse a procedural default"), cert. denied, 537 U.S. 1214 (2003); Washington v. James, 996 F.2d

11

1442, 1447 (2d Cir. 1993) (holding that ignorance or inadvertence do not constitute cause to excuse a procedural default); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) (holding that a pro se petitioner's ignorance and misconceptions about the operation of the statute of limitations do not justify equitable tolling because they are not extraordinary circumstances beyond his control).

Therefore, Poindexter has failed to prove cause and prejudice or miscarriage of justice[9] and, accordingly, claim (2) of Poindexter's petition remains procedurally defaulted.

## B. Merits

The Court now considers Poindexter's remaining claims on the merits. A federal court may not grant relief on a habeas claim previously adjudicated on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[9] Poindexter made no argument which the Court can construe as an attempt to satisfy the miscarriage of justice exception. It is the petitioner's burden to establish the exception by providing evidence that but for the asserted constitutional errors, no reasonable juror would have found the petitioner guilty. See Hazel v. United States, 303 F. Supp. 2d 753, 761 (E.D. Va. 2004) (citing the standard established in Jackson v. Virginia, 443 U.S. 307, 401-02, 429 (1979) (White, J., concurring)). Therefore, Poindexter has not established that he is entitled to relief under the miscarriage of justice exception.

12

> (2) resulted in a decision that was based
> on an unreasonable determination of the facts
> in light of the evidence presented in the
> State Court proceeding.

28 U.S.C. § 2254(d). In drafting this statute, Congress "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000). See also Bell v. Jarvis, 236 F.3d 149, 157 (4th Cir. 2000) (recognizing that, for claims adjudicated on the merits by the state court, the federal court "is limited by the deferential standard of review set forth in § 2254(d), as interpreted by the Supreme Court in Williams[]."). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." Williams, 529 U.S. at 387. Moreover, "[a] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be [objectively] unreasonable." Id. at 411. In deference to the state court's decision, this Court may not grant relief unless it determines that decision on the merits was "legally or factually unreasonable." See Bell, 236 F.3d at 163 (quoting Aycox v. Lytle, 196 F.3d 1174, 1178 (10th Cir. 1999)). Further, the Court is mindful that "a

13

determination on a factual issue by a State court shall be presumed correct [in a habeas proceeding]," and the burden is on a petitioner to rebut that "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(d)(2); see also Tucker v. Ozmint, 350 F.3d 433, 439 (4th Cir. 2003), cert. denied, 541 U.S. 1032 (2004).

### 1. Claim (1) and (3) are Without Merit

In claims (1) and (3), Poindexter has alleged that his constitutional rights were violated because the Commonwealth's evidence was insufficient to support his conviction for possession of a firearm by a convicted felon. Poindexter's Brief, at 12, 19. Poindexter raised this claim on his direct appeal to the Supreme Court of Virginia, which summarily refused that petition (Poindexter II). Because the Supreme Court of Virginia summarily refused the appeal, this Court looks to the previous state court decision as the last reasoned state judgment on that claim. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

In the instant case, therefore, this Court looks to the decision of the Court of Appeals (Poindexter I) as the last reasoned state judgment on this claim. In that decision, the Court of Appeals examined the entire record and determined that "the Commonwealth's evidence that appellant actually possessed the firearm was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant

14

committed the charged offense." <u>Poindexter I</u>, at 3. In so doing, the court noted that the fact finder "believed the Commonwealth's evidence, including Sims' testimony that appellant admitted possessing the firearm and being a convicted felon, and rejected appellant's testimony." <u>Id.</u> at 2-3. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented. <u>Id.</u> at 3 (citing <u>Sandoval v. Commonwealth</u>, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Further, the court found that "appellant, a convicted felon, possessed the firearm found in the vehicle.... In addition, appellant made a statement acknowledging that he took the firearm out of his coat sleeve and put it in the car." <u>Id.</u> at 3. Those findings are not unreasonable on the record here.

The state court's findings are entitled to great deference here. "Though claims of insufficient evidence are cognizable on federal habeas review, a federal [habeas] court's review of such claims is 'sharply limited.'" <u>Wilson v. Greene</u>, 155 F.3d 396, 405 (4th Cir. 1998) (quoting <u>Wright v. West</u>, 505 U.S. 277, 296 (1992)) (other citations omitted)). A federal court's review of such claims "is not meant to consider anew the [fact finder's] guilt determination or to replace the state's system of direct appellate review." <u>Id.</u> at 405-06 (citing <u>Wright</u>, 505 U.S. at 292). As such, a petitioner is entitled to relief on such a claim "only if 'no

rational trier of fact could have found proof of guilt beyond a reasonable doubt.'" Id. at 406 (quoting Jackson v. Virginia, 443 U.S. 307, 324 (1979) (other citations omitted)). In the instant case, Poindexter has simply failed to show that no rational trier of fact could find him guilty of possession of a firearm by a convicted felon. Id.

Based on the foregoing, this Court FINDS that Poindexter has failed to show either that the state court unreasonably determined the facts in his case or that the state court unreasonably applied federal law in dismissing both claims (1) and (3). As such, this Court recommends that claims (1) and (3) be DENIED.

### 3. Ineffective Assistance of Counsel Standard

The last of Poindexter's claims in the instant petition asserts ineffective assistance of counsel. Because the Supreme Court of Virginia summarily dismissed Poindexter's state habeas appeal, this Court will "look through" that decision to the reasoning used by the Circuit Court to dismiss the state habeas claims. Ylst, 501 U.S. at 803-04. The controlling standard for such claims, which Poindexter has cited, is set forth in Strickland v. Washington, 466 U.S. 668, 690-94 (1984). As such, to grant Poindexter relief on his claim, this Court must find that the state court's dismissal of the claim involved an unreasonable application of Strickland. Under Strickland, the state court was required to subject Poindexter's claim to a two-prong test in which the

16

petitioner must prove both ineffective assistance (incompetence) and prejudice. Kimmelman v. Morrison, 477 U.S. 365, 381 (1986). To grant relief, the state court had to find: (1) Poindexter's lawyer's performance fell below the range of competence demanded of lawyers in criminal cases; and (2) there is a reasonable probability that, but for the deficient performance by counsel, the ultimate result would have been different. Strickland, 466 U.S. at 690, 694.

When assessing counsel's performance under Strickland's first prong, the Supreme Court has stressed that the constitutional guarantee of effective assistance of counsel seeks only to "ensure that criminal defendants receive a fair trial," and not to "improve the quality of legal representation." Id. at 689. The reviewing court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. In order to prevail, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Accordingly, the reviewing court must grant a "heavy measure of deference to counsel's judgments," and, in doing so, may only evaluate such performance from counsel's perspective at the time of the alleged error and in light of all the circumstances. Id. at 690-91; Kimmelman, 477 U.S. at 381. Additionally, a reviewing court generally should assess

17

counsel's overall performance throughout the case, Kimmelman, 477 U.S. at 386, and avoid "Monday morning quarterbacking." Stamper v. Muncie, 944 F.2d 170, 178 (4th Cir. 1991); see also Strickland, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight . . . .").

The second prong of the Strickland analysis presents an equally rigorous standard. To affirmatively prove prejudice, a petitioner must do more than merely demonstrate that his attorney's error had "some conceivable effect" on the outcome of the case. Strickland, 466 U.S. at 693. Rather, the petitioner must demonstrate "a reasonable probability[10] that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. As with the first prong, the reviewing court must consider the totality of the evidence before it in conducting the prejudice inquiry. Id. at 695.

Additionally, a reviewing court need not consider the two prongs of the Strickland analysis in sequential order. Strickland, 466 U.S. at 697. The court need not even address both prongs if the petitioner fails to make a sufficient showing on one. Id. When evaluating an ineffective assistance of counsel claim, a court

---

[10] The Court notes that this standard is not so high as to require that a petitioner "show that counsel's deficient conduct more likely than not altered the outcome in the case." Strickland, 466 U.S. at 693-94. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

should first apply whichever prong more quickly disposes of the respective claim. See id.

## 2. Claim (4) is Without Merit

As to claim (4), Poindexter asserts he was denied his right to effective assistance of counsel because his counsel was unprepared to attack the gaps in the Commonwealth's evidence, because his counsel failed to file a motion for an evidentiary hearing and also a motion for dismissal based on lack of evidence, and because his counsel failed to create a proper trial strategy. Federal Habeas Petition, at 11. Further, Petitioner argues his counsel failed to investigate his status as a felon convicted of a violent crime, which subjected him to the five-year mandatory minimum sentence for possession of a firearm instead of the two-year mandatory minimum for felons convicted of non-violent crimes.[11] Id. In support of this claim in the instant petition, Poindexter asserts that defense counsel visited him only twice in jail and "never discussed a strategy" with him to attack the Commonwealth's "lack of evidence." Poindexter's Brief, at 15. Further, Poindexter asserts his counsel did not "put the case off enough" to properly prepare a trial strategy. Id. Poindexter contends that counsel failed to probe the legality of his stop or properly address why the Commonwealth

---

[11] Poindexter asserted in his state habeas petition that he had been wrongly sentenced. The Circuit Court held the claim was barred by Slayton, 215 Va. at 29, 205 S.E.2d at 682. Thus, this Court is barred from hearing this allegation.

19

failed to test the gun for fingerprint or DNA evidence. _Id._ at 15-16. In addition, Poindexter argues that his counsel failed to address "the improper procedures and the correct standards of the police department" regarding the officer's solicitation of his confession. _Id._ at 16.

Poindexter's claim of ineffective assistance of counsel was considered on the merits by the Circuit Court, which rejected Poindexter's State Habeas Petition, finding that the Petitioner failed to show "actual prejudice" when counsel failed to request discovery of the actual owner of the gun. Poindexter III, at 4. The court noted that Poindexter was convicted of being in possession of the gun, and any determination of who actually owned the gun "would not change the fact that Petitioner was found to be in possession of the gun." _Id._ at 5. The Circuit Court disposed of Poindexter's other claims of ineffective assistance of counsel by stating that Poindexter failed to show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result would have been different." _Id._ at 5-6. Contrary to Poindexter's claim that his counsel failed to question the Commonwealth on why fingerprint and DNA testing had not been performed on the gun, the Circuit Court noted that Poindexter's counsel did question the Commonwealth's witness on the subject. _Id._ at 5. The Circuit Court found that given Poindexter's confession, there was not a reasonable probability that the result

of the proceeding would have been different had his counsel not made any unprofessional errors. Id. Similarly, defense counsel's failure to draft a motion for discovery to identify Richmond City Police Department standard procedure for signed confessions would not have affected the outcome of the trial. Id. at 6. At trial, Poindexter's counsel attempted to impeach the police officer because he wrote down the statement and "never gave Petitioner a chance to review and sign the statement." Id. The Circuit Court did not entertain Poindexter's claim about the proper sentence because it could have been pursued on appeal and therefore "was barred from consideration in a habeas corpus proceeding." Id. at 7 (citing Slayton v. Parring, 215 Va. 27, 29-30, 205 S.E.2d 680, 682 (1974).

On these facts, Poindexter's claim appears to be merely a disagreement with counsel over trial strategy. See Carter v. Lee, 283 F.3d 240, 249 (4th Cir. 2002) ("Because it may be tempting to find an unsuccessful trial strategy to be unreasonable, 'a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'") (quoting Strickland, 466 U.S. at 689) (other citations omitted). The fact that the strategy was unsuccessful, leading to Poindexter's convictions for those charges, does not

21

make defense counsel ineffective for having employed that strategy. Carter, 283 F.3d at 249. Defense counsel's failure to draft discovery motions to elicit the actual owner of the gun and Richmond City Police Department standard procedure for signed confessions, as the Circuit Court held, would not have led to a different result. Poindexter III, at 5. Poindexter has failed to demonstrate how defense counsel's failure to "put the case off enough" meets the Strickland burden that there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." To question defense counsel's decisions on these issues would be precisely the sort of "Monday morning quarterbacking" that a federal court should avoid upon habeas review. Stamper, 944 F.2d at 178.

Having considered all of the factual support provided by Poindexter for this claim, this Court FINDS that Poindexter has not shown that the Circuit Court's denial of the claim was based on an unreasonable application of federal law or an unreasonable determination of facts. 28 U.S.C. § 2254(d). Accordingly, this Court RECOMMENDS that claim (4) be DENIED.

## IV. RECOMMENDATION

For the foregoing reasons, the Court, having determined that an evidentiary hearing is not required, and having found that the claims of the instant petition are without merit, recommends that Poindexter's petition for a writ of habeas corpus be DENIED, that

Respondent's motion to dismiss be GRANTED, and that all of Poindexter's claims be DISMISSED WITH PREJUDICE.

Poindexter has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003).

## V. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that:

1.  Any party may serve upon the other party and file with the Clerk specific written objections to the foregoing findings and recommendations within ten (10) days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(e) of said rules. A party may respond to another party's specific objections within ten (10) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b).

2.  A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made. The parties are

further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

United States Magistrate Judge

Norfolk, Virginia
September 29, 2009

24

## Clerk's Mailing Certificate

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Haywood Poindexter, #377906
James River Work Center, A1-67
State Farm, Virginia 23160
PRO SE

Kathleen B. Martin, Esq.
Senior Assistant Attorney General
Office of the Attorney General
900 E. Main Street
Richmond, Virginia 23219
COUNSEL FOR RESPONDENT


                              Fernando Galindo,
                              Clerk of Court

By:     _____
        Deputy Clerk

        September 30, 2009


25